UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


JOHN E. GLOVER AND NANCY S. GLOVER                                    PLAINTIFFS

V.                                                       CIVIL ACTION NO. 1:06cv85-LTS-RHW

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY                              DEFENDANT


## ORDER

Defendant Nationwide Mutual Fire Insurance Company (Nationwide) has filed a [35] Motion for Partial Summary Judgment on two issues, one of which is referred to as "double recovery" and the other dealing with Plaintiffs' claim for punitive damages.  Plaintiffs' [39] response acknowledges a limitation on their recovery of policy benefits (although there appears to be a dispute on what that amount is, as discussed below); concedes that judgment in favor of Nationwide is appropriate as to any claims for misrepresentation and breach of fiduciary duty; and vigorously urges that there are genuine issues of material fact as to whether Nationwide had an arguable reason for or acted in good faith with respect to the manner in which the claim was handled.

The parties agree to be governed by the legal principle first addressed in Hurricane Katrina litigation in *Tejedor v. State Farm Fire and Casualty Co.*, Civil Action No. 1:05cv679 (Order dated Nov. 6, 2006).  Since Nationwide filed its motion, the Court on December 6 issued an opinion and order in *Sima/Signature Lake, L.P., et al. v. Certain Underwriters at Lloyds London*, Civil Action No. 1:06cv186, on a similar issue involving other insurance.

In *Tejedor*, this Court ruled that "the Plaintiff's actual loss is the maximum recovery he may receive from all applicable policies of insurance for both his dwelling and personal property."  An example was given for how such a conclusion could be made–it just so happened that a pre-storm appraisal valuing plaintiff's property (with a dwelling on it) was available–but the order makes clear that assumptions were necessary in the "calculation."

In *Sima/Signature Lake*, this Court made the following observations:

> This is not to say that Lloyds is obligated to pay for anything other than wind damage or for damage for which the plaintiffs have already been compensated.  The question whether the plaintiffs may collect additional benefits under the Lloyds policy will depend on the evidence, particularly the evidence that establishes the extent of the covered wind damage that has not yet been paid, the evidence that establishes the total value of the insured property, and the evidence that establishes the actual loss the plaintiffs have sustained by damage to and

> destruction of the insured property.
>
> Subject to the exception of a valued fire insurance policy, an exception that does not apply to the policies at issue in this case, a policyholder's right to recover insurance proceeds is always limited, by the indemnity principal, to his actual covered losses . . . .
>
> Where one insurer, in this instance the flood insurer, has settled an insured's claim by paying policy limits, the insured may be estopped from recharacterizing, as wind damage, losses for which he has accepted flood insurance compensation. But this is a different issue entirely, and it is an issue that arises without reference to the "other insurance" clauses in the Lloyds policies.
>
> The question of the amount of the plaintiffs' total loss is not presently before the Court. While there is substantial evidence in the record concerning the proper evaluation of the plaintiffs' total losses, i.e. the statement of values submitted by the plaintiffs as part of their insurance application to Lloyds, the plaintiffs have not yet had a full and fair opportunity to submit their own evidence on this issue. Nor has Lloyds established, as a matter of law, that the plaintiffs' statement of values is legally binding for all purposes. While it certainly appears to me that this statement of values is, in evidentiary terms, an admission or a statement against interest, the question whether these statements are conclusive on the issue of value is not before me at this time, and it is not a question I am prepared to decide as part of the pending motions for partial summary judgment or for declaratory judgment.
>
> I therefore express no opinion on this question of fact (the value of the [insured property] representing the actual loss the plaintiffs have sustained from both flood damage and wind damage) or on this issue of law (whether the plaintiffs' statement of values is conclusive on this point) . . . . ¶But until these issues are decided, there is no undisputed valuation which the Court may use to apply the principal of indemnity.

The value of the insured property is ultimately a question of fact. In the instant case, Nationwide poses a dwelling value based on the 2005 county tax assessment of Plaintiffs' real property. But there is also, as Nationwide mentions but discredits, the maximum insured values (both structure and contents) under the homeowner's policy it issued. It could be that the value is to be determined by the subject insurance policy, but Nationwide's allusion to "potential recovery" underscores the existence of genuine issues of material fact that leaves the Court in the same position as in *Sima/Signature Lake* (or, for that matter, *Tejedor*) when it comes to value.

A vast amount of material has been submitted for the Court's consideration of the punitive damages issue. Boiled down to its essence, Plaintiffs argue that

>Nationwide has acted clearly contrary to Mississippi law in persisting in its reliance upon the concurrent cause exclusion even after this Court has ruled that such exclusion in Nationwide's own policy is invalid. In addition, of course, Nationwide's initial reliance upon the concurrent cause exclusion was clearly contrary to Mississippi law since 1961. Nationwide also has acted in bad faith by denying Plaintiffs' claim, clearly contrary to Nationwide's own engineer's report which concluded that the damage to Plaintiffs' property was primarily the result of wind. Nationwide has even, without any explanation to the contrary, come up with a second report by the same engineering firm which it now uses to attempt to manufacture an arguable reason for its refusal to promptly and fairly handle Plaintiffs' claim.

The Court presumes that the decision to which Plaintiffs refer, although do not cite, is *Leonard v. Nationwide Mutual Insurance Co.*, Civil Action No. 1:05cv475 (Memorandum Opinion and separate Order and Judgment entered Aug. 15, 2006; Memorandum Opinion and separate Order on post-trial motions entered Oct. 25, 2006). Notices of Appeal have been filed in that case.

This Court is not convinced that Plaintiffs can rely solely on *Leonard* to justify punitive damages for Nationwide's decision whether to follow the conclusions reached there. In addition to the *Leonard* direct appeal, certification of an interlocutory appeal has been granted in *Tuepker v. State Farm Fire & Casualty Co.*, Civil Action 1:05cv559, involving interpretation of policy provisions. However, there are other material facts presented in the instant case that rise to the level of genuine issues preventing judgment as a matter of law. For example, there was a letter sent in October 2005, denying the entire claim; Nationwide acknowledges that an error was made in this regard, especially when the decision relied on an endorsement that was not a part of the policy. There is also the matter of separate engineering reports generated on Nationwide's behalf, the first (dated January 11, 2006) attributing the Plaintiffs' loss primarily to wind while the second (dated March 18) reached the opposite conclusion. There are also questions surrounding the standard procedure utilized by Nationwide in handling claims, and whether or to what extent it was followed.

Denial of partial summary judgment does not mean that the Court has an opinion on the merits of Plaintiffs' claims. Perhaps it will be decided eventually that Nationwide acted in good faith, or with a legitimate or arguable reason, with respect to Plaintiffs' claim. At the same time, it could have been looking for a defense or proceeding in an otherwise inappropriate way. For the present purpose of assessment under Fed. R. Civ. P. 56, the Court is not able to say that there are no genuine issues of material fact that entitle Nationwide to even a partial judgment as a matter of law.

Accordingly, **IT IS ORDERED**:

To the extent of any claims by Plaintiffs dealing with misrepresentation and breach of fiduciary duty, Nationwide's [35] Motion for Partial Summary Judgment is **GRANTED**;

To the extent of any issues related to double recovery and punitive/extracontractual damages, Nationwide's [35] Motion for Partial Summary Judgment is **DENIED**.

**SO ORDERED** this the 20th day of December, 2006.

> s/ L. T. Senter, Jr.
> L. T. Senter, Jr.
> Senior Judge